Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VII

| | | |
|---|---|---|
| MOISÉS IBARRA GONZÁLEZ<br><br>Recurrente<br><br>v.<br><br>DEPARTAMENTO DE CORRECCIÓN Y REHABILITACIÓN<br><br>Recurrida | KLRA202500306 | *Revisión Administrativa* procedente del Departamento de Corrección y Rehabilitación<br><br>Sobre:<br>Evaluación Programa de Pre-Reinserción<br><br>Caso Núm. 6-66032 |

Panel integrado por su presidenta, la Juez Domínguez Irizarry, el Juez Ronda del Toro y el Juez Pérez Ocasio

Domínguez Irizarry, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 18 de julio de 2025.

Comparece ante nos la parte recurrente, Moisés Ibarra González (en adelante, parte recurrente o Ibarra González), y nos solicita la revisión de la determinación notificada el 28 de abril de 2025 por la parte recurrida, Departamento de Corrección y Rehabilitación (en adelante, parte recurrida o DCR). Mediante la misma, la parte recurrida concluyó que el señor Ibarra González no era elegible para el *Programa de Pre-Reinserción a la Libre Comunidad.*

Por los fundamentos que expondremos a continuación, se *confirma* la resolución administrativa recurrida.

**I**

La parte recurrente es miembro de la población correccional de la Institución Ponce 1000. Inicialmente, el señor Ibarra González fue sentenciado el 3 de febrero de 2003 por el Tribunal de Primera Instancia, Sala de Mayagüez, a cumplir una pena de separación permanente de la sociedad mediante reclusión perpetua por los delitos de asesinato en segundo grado con reincidencia habitual, y

dos (2) infracciones a la Ley de Armas de Puerto Rico, Ley 404-2000, según enmendada, 25 LPRA ant. sec. 455 *et seq,* con reincidencia agravada por cada uno.[1] Posteriormente, el 8 de abril de 2016, el Foro Primario, emitió una *Re-Sentencia,* mediante la cual modificó la pena impuesta por una fija de noventa y nueve (99) años de reclusión por los referidos delitos.[2]

Más adelante, el 11 de marzo de 2025, la parte recurrente fue evaluado para el *Programa de Pre-Reinserción a la Libre Comunidad,* conforme a la Orden Administrativa Núm. DCR-2023-03.[3] No obstante, el 28 de abril de 2025, el Secretario Auxiliar de Programas y Servicios del DCR denegó la solicitud, al indicar que el señor Ibarra González no era elegible para el referido programa por encontrarse cumpliendo una sentencia por infracciones a la Ley de Armas, *supra,* con grados de reincidencia agravada.

Inconforme, la parte recurrente presentó el recurso de epígrafe el 27 de mayo de 2025, en el cual hace el siguiente señalamiento de error:

> Comete error la parte recurrida al alegar que [a] la parte recurrente se le aplicaron las reincidencias agravadas, en los artículos de las Leyes de Armas L.A. 5.04 y 5.06 del año 2002, en la resentencia de la fecha del día 8 de abril de 2016.

Así las cosas, el 26 de junio de 2025, el DCR presentó su oposición al recurso. Luego de examinar el expediente de *autos,* estamos en posición de disponer del asunto que nos ocupa.

## II

### A

La Constitución del Estado Libre Asociado de Puerto Rico establece, en lo pertinente, que "[s]erá política pública del Estado Libre Asociado reglamentar las instituciones penales para que

---

[1] Apéndice del recurso, Anejos III-V.
[2] *Íd.,* Anejo VI.
[3] *Íd.,* Anejo I.

sirvan a sus propósitos en forma efectiva y propender, dentro de los recursos disponibles al tratamiento adecuado de los delincuentes para hacer posible su rehabilitación moral y social". Art. VI, Sec. 19, Const. ELA, LPRA, Tomo I. A tenor con dicho imperativo, la Asamblea Legislativa aprobó el Plan de Reorganización del Departamento de Corrección y Rehabilitación de 2011, 3 LPRA Ap. XVIII. Este propone como política pública del Gobierno de Puerto Rico lo siguiente:

> Con la aprobación de este Plan, se decreta como política pública del Gobierno de Puerto Rico la creación de un sistema integrado de seguridad y administración correccional donde las funciones y deberes se armonicen en un proceso facilitador a la imposición de penas y medidas de seguridad, así como a la custodia de los ciudadanos que han sido encontrados incursos en la comisión de un delito o falta y que establezcan procesos de rehabilitación moral y social del miembro de la población correccional o transgresor, a fin de fomentar su reincorporación a la sociedad.

> 3 LPRA Ap. XVIII.

Por ello, el Departamento de Corrección y Rehabilitación emitió la Orden Administrativa Núm. DCR-2023-03 del 7 de septiembre de 2023, creando el *Proyecto para la Pre-Reinserción a la Libre Comunidad*. Mediante esta iniciativa, los miembros de la población correccional tendrán la oportunidad de convivir en condiciones similares a las que pudieran enfrentarse en la libre comunidad. Ahora bien, en la Sección IV, inciso B, de la referida orden, se estableció como una causa de exclusión de este programa lo siguiente:

> Será excluida para participar de este Programa, toda persona convicta de delito grave, a la cual se le haya hecho una determinación de reincidencia agravada o reincidencia habitual, conforme a las disposiciones del Código Penal de Puerto Rico.

> Orden Administrativa Núm. DCR-2023-03.

**B**

Es norma firmemente establecida en el estado de derecho vigente, que los tribunales apelativos están llamados a abstenerse

de intervenir con las decisiones emitidas por las agencias administrativas, todo en deferencia a la vasta experiencia y conocimiento especializado que les han sido encomendados. *Jusino Rodríguez v. Junta de Retiro,* 2024 TSPR 138, 215 DPR ___ (2024); *Otero Rivera v. USAA Fed. Savs. Bank,* 2024 TSPR 70, 214 DPR ___ (2024); *Voilí Voilá Corp. et al. v. Mun. Guaynabo,* 2024 TSPR 29, 214 DPR ___ (2024); *Rolón Martínez v. Supte. Policía,* 201 DPR 26, 35 (2018). En este contexto, la Sección 4.5 de la Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico, Ley Núm. 38-2017, establece el alcance de la revisión judicial respecto a las determinaciones administrativas. A tal efecto, la referida disposición legal expresa como sigue:

> El Tribunal podrá conceder el remedio apropiado si determina que el recurrente tiene derecho a un remedio.
>
> Las determinaciones de hechos de las decisiones de las agencias serán sostenidas por el tribunal, si se basan en evidencia sustancial que obra en el expediente administrativo.
>
> Las conclusiones de derecho serán revisables en todos sus aspectos por el tribunal.
>
> 3 LPRA sec. 9675.

Al momento de revisar una decisión agencial, los tribunales deben ceñirse a evaluar la razonabilidad de la actuación del organismo. *Rolón Martínez v. Supte. Policía,* supra, pág. 35. Por ello, los tribunales no deben intervenir o alterar las determinaciones de hechos que emita, siempre que estén sostenidas por evidencia sustancial que surja de la totalidad del expediente administrativo. *Vázquez v. Consejo de* Titulares, 2025 TSPR 56, 215 DPR ___ (2025); *Otero v. Toyota,* 163 DPR 716, 727-728 (2005); *Pacheco v. Estancias,* 160 DPR 409, 431-432 (2003). Nuestro Tribunal Supremo ha definido el referido concepto como aquella evidencia relevante que una mente razonable podría aceptar como adecuada para sostener

una conclusión. *Rolón Martínez v. Supte. Policía,* supra, pág 36; *Assoc. Ins. Agencies, Inc. v. Com. Seg. P.R.,* 144 DPR 425, 437 (1997). Por tanto, compete a la parte que impugne la legitimidad de lo resuelto por un organismo administrativo, identificar prueba suficiente para derrotar la presunción de corrección y regularidad que les asiste. *Graciani Rodríguez v. Garage Isla Verde,* 202 DPR 117, 128 (2019).

A tenor con esta norma, los foros judiciales limitan su intervención a evaluar si la decisión de la agencia es razonable y no si hizo una determinación correcta de los hechos ante su consideración. *Assoc. Ins. Agencies, Inc. v. Com. Seg. P.R.,* supra, pág. 437. En caso de que exista más de una interpretación razonable de los hechos, el tribunal debe sostener lo concluido por la agencia, evitando sustituir el criterio del organismo por sus propias apreciaciones. *Pacheco v. Estancias,* supra, pág. 432. Ahora bien, esta regla basada en deferencia no es absoluta. La misma cede cuando está presente alguna de las siguientes instancias: (1) cuando la decisión no está fundamentada en evidencia sustancial; (2) cuando el organismo administrativo ha errado en la apreciación de la ley, y; (3) cuando ha mediado una actuación irrazonable, o ilegal. *Jusino Rodríguez v. Junta de Retiro,* supra; *Otero Rivera v. USAA Fed. Savs. Bank,* supra; *Voilí Voilá Corp. et al. v. Mun. Guaynabo,* supra; *Costa Azul v. Comisión,* 170 DPR 847, 852 (2007).

Por su parte, nuestro máximo Foro ha expresado que "la interpretación de la ley es una tarea que corresponde inherentemente a los tribunales". *Vázquez v. Consejo de Titulares,* supra. Por tanto, al revisar las conclusiones de derecho que hace una agencia, nuestro Tribunal Supremo ha enfatizado que estas serán revisables en todos sus aspectos. *Íd.* Por lo cual, a pesar de que la interpretación de una agencia merece un grado de respeto,

dicho cortesía no equivale a que los foros apelativos opten por renunciar a su función revisora. *Íd.*

**III**

En el recurso ante nos, la parte recurrente alegó que el DCR erró al denegar su solicitud para el *Programa para la Pre-Reinserción a la Libre Comunidad.* Por su parte, el DCR arguyó que el señor Ibarra González no era elegible para el referido programa por encontrarse cumpliendo una sentencia por reincidencias agravadas. Evaluados los escritos de las partes y el expediente que obra en autos, procedemos a expresarnos.

Surge del caso ante nos que el 8 de abril de 2016 se resentenció a la parte recurrente para modificar la pena de separación permanente de la sociedad mediante reclusión perpetua, e imponer una pena fija de noventa y nueve (99) años de reclusión. Sin embargo, esta no dejó sin efecto los delitos por los que fue sentenciado inicialmente.

Conforme a la Orden Administrativa Núm. DCR-2023-03, los miembros de la población correccional no son elegibles para el referido programa si se encuentran cumpliendo sentencias por delitos graves con reincidencia agravada o reincidencia habitual. Por tanto, al examinar los criterios de elegibilidad para poder participar de dicho programa, podemos percatarnos que el señor Ibarra González no cumple con los requisitos para el mismo, debido a que se encuentra cumpliendo una sentencia por asesinato en segundo grado con reincidencia habitual, y dos (2) infracciones a la Ley de Armas, *supra,* con reincidencia agravada.

Es por ello que concluimos que la parte recurrida actuó correctamente cuando declaró al señor Ibarra González inelegible para participar del programa en controversia. Por tanto, sostenemos el dictamen recurrido.

**IV**

Por los fundamentos antes expuestos, *confirmamos* la determinación recurrida.

Lo acordó y manda el Tribunal, y certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones